OPINION of the court
Stanley Parness, J.
The motion herein by defendant, Automobiles Peugeot, S. A., for a protective order modifying the notices to take the deposition and for discovery of this defendant is denied.
The court is not prohibited per se from directing a foreign corporation in an action pending before it to be deposed on the basis that the law of France might insulate that party from attending. (Societe Internationale v Rogers, 357 US 197; United States v Vetco Inc., 691 F2d 1281.)
In furtherance of this proposition it has been ruled as implicit within and expansive of the holding of the Societe case that “foreign illegality does not necessarily prevent a local court from imposing sanctions when, due to the threat of prosecution in a foreign country, a party fails to comply with a valid discovery order”. (Matter of Westinghouse Elec. Corp. Uranium Contracts Litigation, 563 F2d 992, 997.) *375 The holding in Societe recognizes the possibility of a conflict between foreign and domestic jurisdictions and in resolution thereof calls for a “balancing approach” to be made on a case-by-case basis. The court therein phrased it as follows: “ ‘[t]he dilemma is the accommodation of the principles of the law of the forum with the concepts of due process and international comity’ ” (Matter of Westinghouse Elec. Corp. Uranium Contracts Litigation, supra, p 997, quoting Andersen & Co. v Finesilver, 546 F2d 338, 341, cert den 429 US 1096). In meeting that standard, this court observes that movant has resisted discovery and its deposition herein solely on the basis of the French statute, 80-538 of July 16,1980, which prohibits a natural person of French nationality or an agent of a French legal entity to disclose in writing, orally or otherwise in any place to foreign public authorities, “economic, commercial, industrial financial or technical documents or data disclosure of which is liable to infringe the sovereignty, essential economic interests of France or public policy” (emphasis supplied). Breach thereof is made punishable in the first instance by imprisonment for 2 to 6 months and a fine of 10,000 to 120,000 francs or either.
No evidence, however, has been presented herein to demonstrate that submission to the deposition and furnishing the documents sought in connection therewith comes within the strictures of this statute, which became integrated through the adoption of the Hague Convention into the treaty to which France and the United States are signatories. (US Code, tit 28, § 1781.) The French statute is wholly silent with respect to any intent to insulate the private economic interests of private French nationals as opposed to the national interests of France.
It appears as fundamental to this application, therefore, that a showing be made in the first instance that the national interests of France are in fact involved in the action or in the documents sought to be obtained.
The action herein is based on the malfunction of a vehicle manufactured and sold by defendants, Peugeot. No showing, whatsoever, has been made which demonstrates involvement herein with the “sovereignty, security or essential economic interests of France”, or the likelihood of *376 exposure to criminal punishment for attendance in this court if the defendant were compelled to submit to discovery in New York with respect to the allegedly defective car it sold here. The letter opinion presented therein by movant from the office of the French Minister of Justice of February 19, 1981 in another case (Gioia v Cycles Peugeot) is couched in general and nonspecific terms and constitutes no more than an administrative opinion of the writer and is not judicially determinative herein. The content of that letter, however, supports the position that the object of the statute is “the protection of [French] sovereignty as well as French citizens”. It refers to applications “on French territory” of discovery proceedings and for documents and information. The writer candidly concedes that the interpretation of the statute is his own and “will be subject to independent interpretation by the appropriate French Courts”. It is thus not a definitive statement of French law as applicable to the case at bar.
No application for a waiver of the statute in this case has been alleged herein. No decision of a French court considering the issue presented has been offered herein. The arguments presented do not dissuade from the conclusion that there is demonstrated no inherent bar in the French statute as implemented by the Hague Convention, which ought to prevent the discovery demanded or the taking of the deposition of defendant, Automobiles Peugeot, S. A., in this court.
The discovery demanded shall be complied with by defendant, Automobiles Peugeot, S. A., prior to September 21, 1983.
Accordingly, the examination of all parties shall commence on September 26,1983 at 9:30 a.m. at Special Term, Part II, room 315, and proceed in the order of dates of the notices which have been served therefor until all depositions have been completed.